534 So.2d 237 (1988)
Willie H. STOKES
v.
Lionel W. "Red" NOONAN, in his capacity as Judge of the Probate Court of Mobile County, et al.
86-1082.
Supreme Court of Alabama.
September 30, 1988.
W. Gary Hooks, Jr., Mobile, for appellant.
James C. Wood of Simon, Wood and Crane, Mobile, for appellee Lionel W. Noonan.
Michael A. Figures and J. Malcolm Jackson III of Figures, Ludgood & Figures, Mobile, for appellees Leophus Lyde, James Buskey, Frank Seals and Michael A. Figures.
BEATTY, Justice.
The plaintiff, Willie H. Stokes, appeals from a judgment in favor of defendant Lionel W. "Red" Noonan, et al., holding that Act No. 85-237, Acts of Alabama 1985, is valid and constitutional.
Stokes, as a registered voter, taxpayer, and real property owner of Mobile County, filed suit in April 1987 contesting the constitutionality *238 of Act No. 85-237, which provides for the filling of vacancies on the Mobile County Commission by a special election when at least 12 months remain on any commissioner's unexpired term:
"Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."
Stokes contends that the subject of local Act No. 85-237 is subsumed by a general law, § 11-3-6, Code of 1975, and therefore, under Art. IV, § 105, Constitution 1901, and this Court's decision in Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala. 1978), is unconstitutional.
Section 105, in pertinent part, states: "No special, private, or local law ... shall be enacted in any case which is provided by a general law." Section 11-3-6, Code of 1975, is contained in the chapter pertaining to county commissions and refers to vacancies:
"In case of a vacancy, it shall be filled by appointment by the governor, and the person so appointed shall hold office for the remainder of the term of the commissioner in whose place he is appointed."
Stokes also contends that Act No. 85-237 violates Art. IV, § 104(29), Constitution of 1901, which states, in pertinent part:
"The legislature shall not pass a special, private, or local law in any of the following cases:
". . . .
"(29) Providing for the conduct of elections or designating places of voting, or changing the boundaries of wards, precincts, or districts, except in the event of organization of new counties, or the changing of the lines of old counties...."
We need not address the plaintiff's attacks under § 104(29) because we are convinced that Act No. 85-237 clearly offends § 105 of the Constitution of 1901.
In Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), this Court explained at length the difference between a local law and a general law, and, applying the literal language of the Constitution of 1901, held that the presence of a general law upon a given subject was primary, meaning "that a local law cannot be passed upon that subject." This Court added at 813:
"By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide application, and already having that effect, the constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute."
Section 11-3-6 is a statewide statute governing the general subject of filling vacancies on county commissions. Its language is substantially the same as its complementary section that appeared in Ala.Code 1940 as Title 12, § 6. See also Ala.Code 1940, Title 12, § 6 (Recomp.1958).
Act No. 85-237 was approved April 8, 1985. By its terms, it is made applicable only to Mobile County. Hence, when it became law it applied to a political subdivision of the state less than the whole, and thus, it was a local law on the same subject as the previously enacted general law, § 11-3-6; see Constitution of 1901, § 110; Peddycoart, 354 So.2d at 814; and, accordingly, it is unconstitutional under § 105. We cannot, therefore, agree with the defendant that the Mobile County Commission, because of statutory history, has always been, and therefore is still, governed by local law. To approve such a proposition here would run directly counter to the language of our constitution. Surely, it cannot be held that the legislature is proscribed from enacting general laws on subjects *239 already covered by local laws, even if by application such local laws are repealed, when the intent of the legislature is clear and it is in this case. See Buskey v. Mobile County Board of Registrars, 501 So.2d 447 (Ala.1986).
In Baldwin County v. Jenkins, 494 So. 2d 584 (Ala.1986), a similar question dealing with the constitutionality of a local act was resolved. In that case, this Court was confronted with two statutes dealing with the election and terms of the office of county commissioners. This Court held that the general statute, Code of 1975, § 11-3-1, as amended, having contained the language, "unless otherwise provided by local law," manifested a legislative intent that the subject it dealt with not be subsumed within it:
"A situation completely opposite and contrary to the one presented here was contemplated and prohibited by the constitutional framers, which is to say that the legislature, by enacting a general law containing no such provision or exception for contrary local laws, thereby intended that general law to be primary and the subject subsumed entirely by the general law. In that situation, § 105 does operate to prohibit the enactment of contrary local laws. Such is not the case with respect to § 11-3-1 and Act No. 84-639. Because the language of the statute provides for the existence of and prevailing effect of contrary local laws, it must be that the legislature did not intend the subject to be `subsumed' exclusively within § 11-3-1. That being the case, the co-existence of the general law (§ 11-3-1) and the contrary local law (Act No. 84-639) deferred to in the general law, cannot be said to be repugnant to § 105 because `the constitutional framers have [only] prohibited the enactment of a local act when the subject [as intended by the legislature] is already subsumed by the general statute.' Peddycoart, [354 So.2d at 813]."
494 So.2d at 587. (Emphasis in Jenkins.)
No such intent is demonstrated by the language of § 11-3-6 regarding filling of vacancies, and that language must be given effect according to its terms. Thus, it is our duty to declare Act No. 85-237 unconstitutional as violating § 105. It follows that the judgment appealed from must be, and it is hereby, reversed, and a judgment rendered declaring that Act unconstitutional.
REVERSED AND JUDGMENT RENDERED.
TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
MADDOX, J., concurs specially.
ALMON, J., concurs in the result.
ADAMS and STEAGALL, JJ., dissent.
MADDOX, Justice (concurring specially).
I concur completely with the opinion holding that Act No. 86-237 is unconstitutional under § 105, under this Court's decision in Peddycoart, cited in the majority opinion.
I do not believe it is necessary to distinguish Baldwin County v. Jenkins, 494 So. 2d 584 (Ala.1986), which I thought was incorrectly decided, for the reasons I expressed in a dissent in that case; therefore, I concur specially.
STEAGALL, Justice (dissenting).
I respectfully dissent as to the majority opinion's reversal of the trial court's decision that Act No. 85-237 is valid and constitutional.
The Mobile County Commission was created on August 7, 1957, when the Alabama Legislature passed Act No. 181, Acts of Alabama 1957, a local act. The Act created the Mobile County Commission out of the existing board of revenue and road commissioners and provided for the election of its members, those members' terms of office, qualifications for that office, and various other requirements dealing with that body, including the filling of vacancies when they occurred. That Act states specifically:
"Vacancies on the commission shall be filled by appointment by the Governor, but the office of president of the commission *240 shall be filled by the members thereof. Any person appointed to fill a vacancy shall serve the unexpired term, and until his successor is elected and qualified."
Act No. 181, § 2(b), Acts of Alabama 1957, at 234.
The local act being question here, Act No. 85-237, Acts of Alabama 1985, states, in regard to vacancies on the Mobile County Commission:
"Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."
Act No. 85-237, Acts of Alabama 1985, at 137.
This Court has on several occasions upheld trial courts' rulings that a local act amending a local act is not unconstitutional. In Freeman v. Purvis, 400 So.2d 389 (Ala.1981), the Court upheld a trial court ruling which found that:
"Act 80-797 passed in the 1980 regular session of the Legislature of Alabama, is a Local Act which amends a local act and is not unconstitutional."
400 So.2d at 390. The Court then stated:
"Accordingly, the trial court was correct when it held that Act No. 797 was a local law which amended Act No. 710, a preexisting local law."
400 So.2d at 392.
Local Act 85-237 is amendatory in nature, affecting the already-existing local legislation, which created the Mobile County Commission and provided for the filling of vacancies.
In Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), we stated, regarding legislation passed before and after that decision:
"Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases."
354 So.2d at 814.
The effect of this passage was to say that the new standard established in Peddycoart as to the constitutionality of local legislation would be applied only prospectively. Ex parte Bracewell, 407 So.2d 845 (Ala.1979), reversed on other grounds, 457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982). Where, as here, we are looking at legislation enacted prior to Peddycoart but amended afterwards, this Court is required to apply the law as it stood before Peddycoart. That law can be found in the case of Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662 (1944):
"Sec. 105 of the Constitution is not construed to inhibit local legislation on a subject not prohibited by the Constitution, merely because the local law is different, and works a partial repeal of a general law."
245 Ala. at 503, 17 So.2d at 664, citing Talley v. Webster, 225 Ala. 384, 143 So. 555 (1932). This Court, in Talley v. Webster, in determining whether a statute violated Section 105 of the Constitution, stated:
"We need not review the numerous cases construing this section. Suffice it to say it does not inhibit the passage of local laws on subjects, not prohibited by Section 104, merely because such local law is different, and works a partial repeal of the general law of the state in the territory affected."
225 Ala. at 385, 143 So. at 555.
In the case of Norris v. Seibels, 353 So.2d 1165 (Ala.1977), this Court reversed a judgment of the Alabama Court of Civil Appeals and held that a showing of specific legislative intent was necessary to effect any such repeal:

*241 "This general statute cannot be repealed by implication found in the local statute unless the legislative intent to effect such a repeal is clearly manifested."
353 So.2d at 1167. This Court held that the language used in the questioned local statute contained no express repeal of the general statute. However, such is not the case here. Section 3 of Act 85-237, Acts of Alabama 1985, demonstrates a specific legislative intent by expressly repealing "[a]ll laws or parts of laws which are in conflict with this act."
Because I believe that Act 85-237, a local act, is amendatory in nature and therefore that the law to be applied is that existing prior to our decision in Peddycoart, supra, I believe the trial court's judgment should be affirmed.
ADAMS, J., concurs.